Samuel J. Muir, Esq., State Bar No. 89883
Ryan T. Chuman, Esq., State Bar No. 300695
**COLLINS COLLINS MUIR + STEWART LLP**
1100 El Centro Street
South Pasadena, CA  91030
(626) 243-1100 – FAX (626) 243-1111
Email:  smuir@ccmslaw.com
Email:  rchuman@ccmslaw.com

Attorneys for R.G. VANDERWEIL ENGINEERS, LLP

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.G. VANDERWEIL ENGINEERS, LLP,<br><br>Plaintiffs,<br><br>vs.<br><br>T.B. PENICK & SONS, INC.,<br><br>Defendants. | CASE NO. **'17 CV1883 BAS AGS**<br>*[Assigned Judge, Dept., Venue]*<br><br>**R.G. VANDERWEIL ENGINEERS, LLP'S COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT;**<br>2. **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>3. **NEGLIGENT MISREPRESENTATION**<br>4. **UNJUST ENRICHMENT**<br><br>**Complaint Filed:**  //<br><br>**Trial Date:**     None |

**COMES NOW**, Complainant VANDERWEIL ENGINEERS, LLP ("VANDERWEIL") who, by and through its attorneys of record, alleges causes of action against Defendant T.B. PENICK & SONS, Inc. ("PENICK").

*20165 – COMPLAINT (09-14-17)*

1

**COMPLAINT**

## JURISDICTION AND VENUE

1. At all times relevant to the facts underlying the present complaint Plaintiff VANDERWEIL ENGINEERS, LLP is a limited liability partnership consisting of Garen Demirchian, Raimund Vanderweil, Alexander Vanderweil, Shelley Vanderweil, Eli Sherman, Keith Lord, John Saad, James Gikas, David Pinto, Chad Wisler, Christopher Hastings, Michael Kerwin, Bassam Bohsali, Val Levin, and Jeffrey Polo.  Raimund Vanderweil, Alexander Vanderweil, Shelley Vanderweil, Garen Demirchian, John Saad, James Gikas, David Pinto, Chad Wisler, and Michael Kerwin are citizens of the State of Massachusetts.  Eli Sherman, Val Levin, and Jeffrey Polo are citizens of the State of Pennsylvania.  Keith Lord and Christopher Hastings are citizens of the State of New Hampshire.

2. At all times relevant to the facts underlying the present complaint Defendant T.B. PENICK & SONS, INC. is a corporation organized and existing under the laws of the State of California, with its principal place of business in the State of California.

3. This court has original jurisdiction under , in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

4. Venue is proper in the Southern District of California under 28 U.S.C. § 1392(a) and (b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

5. Plaintiff VANDERWEIL, is and at all times mentioned herein was, a Limited Liability Partnership organized under the laws of the State of Delaware.

6. Defendant T.B. PENICK & SONS, INC. is a corporation organized and existing under the laws of the State of California, with its principal place of business in the State of California.

///

*20165 – COMPLAINT (09-14-17)*

# FACTS COMMON TO ALL CLAIMS

## A. DBIA Agreement and Services Provided

7. In 2010, VANDERWEIL was awarded the Co-Generation Plant design services contract to serve as the Engineer of Record ("EOR") for Plant Process/Mechanical/Plumbing/Electrical/Controls and the Building HVAC/Plumbing/Fire Suppression Performance Criteria/Communications and related design work for the P-129 Naval Facility Complex at MCAGCC Twenty-Nine Palms, California (the "PROJECT").

8. PENICK was the PROJECT's Design Builder who contracted with VANDERWEIL to serve as the EOR for portions of the PROJECT.

9. VANDERWEIL and PENICK, entered into a Standard Design-Build ("DBIA") Agreement on December 10, 2010.

10. PENICK, as the prime Design-Build contractor, was responsible for the execution of the PROJECT.

## B. Material Failures by PENICK

### i. PENICK was an Unqualified General Contractor for the PROJECT

11. PENICK failed to execute their contractual responsibilities as demanded by the DBIA Agreement.

12. PENICK failed to hire a Project Manager and Project Superintendent with adequate direct industrial cogeneration experience.

13. PENICK also failed to adequately staff the PROJECT to ensure proper supervision, trade skills, and timely execution of the PROJECT, which resulted in missing or unqualified staff positions that led to excessive costs and schedule delays.

14. PENICK failed to hire an Electrical and Controls Superintendent to supervise a $5.5 million industrial power facility project.

15. The Industrial Equipment Purchasing Supervisor hired by PENICK for the PROJECT was not qualified to directly procure industrial materials and equipment bidding, purchasing, logistics, inspection, storage, inventory and transfer

**Collins Collins Muir + Stewart** LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

*20165 – COMPLAINT (09-14-17)*

3

**COMPLAINT**

to installing contractor.

16. PENICK failed to hire a qualified Document Control staff to manage and control the expediting, tracking, routing and logging of contracted materials, shop drawings, vendor design information, documents and services.

ii.   *Mismanagement of the Electrical, Controls and Instrumentation ("E&I") Subcontractor*

17. Contra Costa ("CC") was the original E&I subcontractor hired by PENICK to perform design-assist services for the PROJECT.

18. After PENICK was awarded the PROJECT, PENICK was advised that CC had a significant deficiency in its PROJECT bid.

19. VANDERWEIL recommended that PENICK work with CC to develop a design and cure the deficiency while meeting the requirements of the PROJECT. In the alternative, VANDERWEIL recommended that PENICK wait to hire an E&I subcontractor until the PROJECT design was 100 percent complete so that the subcontractor's contractual scope would realistically meet the requirements necessary to complete the PROJECT. PENICK refused to heed VANDERWEIL's recommendations.

20. In April 2011, PENICK hired Helix Electric ("HELIX"), an electrical subcontractor, based on a 60 percent PROJECT design.

21. VANDERWEIL later learned that PENICK did not contract with HELIX for the same, comprehensive electrical design-assist scope as CC but instead significantly reduced HELIX's scope of work.

22. PENICK's decision to hire HELIX based on a 60 percent design created a disastrous condition where PENICK failed to manage and coordinate work that needed to be performed to complete the PROJECT on time pursuant to the DBIA Agreement.

23. PENICK's lack of oversight led to cost overruns; significant PROJECT delays; mis-ordered, lost or mishandled critical materials (delay and stocking costs);

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

*20165 – COMPLAINT (09-14-17)*

4

**COMPLAINT**

and fighting amongst team members based on each other's scope of work.

## FIRST CLAIM FOR RELIEF

### (Breach of Written Contract against Penick)

24. VANDERWEIL hereby incorporates by reference the allegations in Paragraphs 1 through 23 of its Complaint as though fully set forth herein.

25. VANDERWEIL is informed and believes and based thereon alleges that on or about December 10, 2010, VANDERWEIL and PENICK entered into a written contract to provide utilities engineering services in accordance with the plans and specifications for the PROJECT.

26. VANDERWEIL is informed and believes and based thereon alleges that the value of the labor and materials furnished to date – including without limitation original scope of work, additional work performed and expenses incurred due to changed conditions, delay, disruption, and acceleration damages, is not less than $630,996.00, the entirety of which remains unpaid.

27. VANDERWEIL has fully performed and executed all terms, provisions, and conditions of the contract to be performed by it, except to the extent said performance was prevented or excused by PENICK's conduct, or other conduct and circumstances not attributable to VANDERWEIL.

28. VANDERWEIL is informed and believes and based thereon alleges that PENICK breached said Contract by, among other things, the following:

    a. Failing to use due care, skill, and diligence in performance of its obligations under the DIBA Agreement.

    b. Delaying progress payments to VANDERWEIL;

    c. Delaying the processing and payment of change orders;

    d. Delaying the PROJECT;

    e. Disrupting the PROJECT:

    f. Acceleration of the PROJECT work;

    g. Failing to negotiate change orders in good faith;

*20165 – COMPLAINT (09-14-17)*

5

**COMPLAINT**

h. Failing to timely submit to VANDERWEIL all submittals, including shop drawings.

i. Failing to provide timely notice to VANDERWEIL of any delays to the PROJECT.

j. Failing to provide administration of the Design-Build agreement.

k. Failing to notify VANDERWEIL of any inconsistencies between VANDERWEIL's design and procured equipment;

l. Failure by PENICK to conform the procured equipment to the specified design;

m. Failing to pay VANDERWEIL the compensation due for the performance of services, including all Design Phase Services, Construction Phase Services, and Additional Services, and for Reimbursable Costs, all as set forth in the DBIA Agreement.

n. Failing to release retainage funds to VANDERWEIL pursuant to section 6.3.1 of the DBIA Agreement.

o. Otherwise failing to deal with VANDERWEIL in good faith.

29. VANDERWEIL is informed and believes and based thereon alleges that on or about July 7, 2014, VANDERWEIL completed its scope of work on the PROJECT when it completed its last coordination study update and revision.

30. VANDERWEIL is informed and believes and based thereon alleges that on or about July 2014, PENICK failed to pay VANDERWEIL the compensation due for the performance of services, including all design phase services, construction phase services, and additional services, and for reimbursable costs, as set forth in the in the written contract.

31. VANDERWEIL is informed and believes and based thereon alleges that it has maintained a written, open book account for work performed on the PROJECT with a balance due by PENICK upon that mutual, open and current account.

32. VANDERWEIL has necessarily and reasonably incurred attorneys' fees

and other costs as a result of PENICK's failure to pay VANDERWEIL amounts owed pursuant to work performed in accordance with the DBIA Agreement.

33. As a direct, foreseeable, and unavoidable result of PENICK's breaches of the Contract described above, and despite VANDERWEIL's reasonable and diligent efforts to mitigate its damages, VANDERWEIL was damaged by PENICK's breaches, as well as suffering the expense of legal fees and costs in prosecuting the claims made in the Complaint, all of which damages PENICK were caused to VANDERWEIL in the amount presently unknown, but greater than $630,996.00, which sum is to be proven at trial.

## SECOND CLAIM FOR RELIEF

**(Breach of the Covenant of Good Faith and Fair Dealing against PENICK)**

34. VANDERWEIL hereby incorporates by reference the allegations in Paragraphs 1 through 33 of its Complaint as set forth herein.

35. PENICK, entered into, or otherwise authorized or acquiesced in, a binding contractual agreement with VANDERWEIL to, among other things, timely and adequately process change orders, and to pay for engineering related materials and services for the PROJECT.

36. Implied in Contract, and indeed in every contract, is an independent promise of good faith and fair dealing that each party will not do anything to unfairly interfere with the right of any other to receive the benefits of the contract, consistent with and in accordance with the terms of the Contract.

37. VANDERWEIL did all, or substantially all of the significant things that the agreement required it to do, except where prevented or excused by PENICK.

38. All conditions for VANDERWEIL's performance had occurred or where excused by PENICK.

39. As described above, PENICK's wrongful acts and omissions unfairly interfered with VANDERWEIL's right to receive the benefits of the agreement entered into, and caused VANDERWEIL to suffer additional harm by delaying the

**Collins Collins Muir + Stewart LLP**
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

PROJECT, and by compelling VANDERWEIL to incur litigation related expenses to prosecute the Complaint and to preserve VANDERWEIL's rights under the Contract, as well as legal and construction-design related costs incurred.

40. VANDERWEIL was harmed by PENICK's conduct, and denied the benefits of the Contract entered into, and VANDERWEIL is due and owing monetary compensation in an amount to be proven at trial, but not less than $630.996.00.

## THIRD CLAIM FOR RELIEF
### (Express Indemnity against Penick)

41. VANDERWEIL hereby incorporates by reference the allegations in Paragraphs 1 through 40 of its Complaint as set forth herein.

42. VANDERWEIL intends this Complaint to be notification to PENICK of their obligation to defend and indemnify VANDERWEIL and hold VANDERWEIL harmless pursuant to the terms of the DBIA Agreement.

43. The Indemnification section of the DBIA Agreement provides that "Design-Builder, to the fullest extent permitted by law, shall indemnify, hold harmless and defend Designer and its officers, directors, employees

44. VANDERWEIL has performed all conditions and obligations to be performed under the DBIA agreement with PENICK.

45. By reason of the foregoing, VANDERWEIL is entitled to be reimbursed and indemnified by PENICK for all costs, including attorneys' fees and other costs, incurred and to be incurred by VANDERWEIL in connection with their pursuit to recovering fees owed by PENICK.

## FOURTH CLAIM FOR RELIEF
### (Negligent Misrepresentation against Penick)

46. VANDERWEIL hereby incorporates by reference the allegations in Paragraphs 1 through 45 of its Complaint as set forth herein.

47. VANDERWEIL is informed and believes and based thereon alleges that on or about July 19, 2012, PENICK's Senior Project Manager, Tony Lee, stated in an

email to VANDERWEIL that:

> "Goal number one is to deliver a functioning and contract compliant cogen plant to the Marines on the date required…TBP will take whatever action we deem necessary to achieve this outcome. In doing so we will treat our design sub consultants and subcontractors fairly and in a manner consistent with our contractual obligations
>
> You have TBP's commitment that we will deal with RGV [VANDERWEIL] fairly and in the terms we have agreed to in our contract with one another."

48.  VANDERWEIL is informed and believes and based thereon alleges that Tony Lee's statement above was also made and reconfirmed by PENICK's Project Executive, Steve Crawford, who was responsible for the PROJECT oversight.

49.  At the time that PENICK made the foregoing false representations to VANDERWEIL, PENICK had no reasonable grounds for believing them to be true.

50.  These false representations and omissions were made by PENICK in a reckless and negligent manner not warranted by the information that PENICK had concerning the subject matter of the representations and without regard to whether or not they were true.

51.  VANDERWEIL is informed and believes and based thereon alleges that PENICK's statements were made with the intent to induce VANDERWEIL to expend more money and perform additional work on the PROJECT in reliance on the misrepresentations.

52.  In justifiable reliance upon PENICK's representations, VANDERWEIL went above and beyond the scope of the original Contract with PENICK and spent significant additional money and resources to help get PENICK back on schedule and to reduce the cost of completion with the expectation that VANDERWEIL would be fairly compensated for the work performed.

53.  VANDERWEIL is informed and believes and based thereon alleges that

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax    (626) 243-1111

20165 – COMPLAINT (09-14-17)

9

**COMPLAINT**

PENICK refuses to pay VANDERWEIL its fees for work performed pursuant to PENICK's representations.

54. As a direct and proximate result thereof VANDERWEIL was damaged in an amount to be proven at trial but no less than $630,996.00

## FIFTH CAUSE OF ACTION

**(Unjust Enrichment against Penick)**

55. VANDERWEIL hereby incorporates by reference the allegations in Paragraphs 1 through 54 of its Complaint as set forth herein.

56. As a result of the conduct described above, PENICK has been unjustly enriched at the expense of VANDERWEIL.

57. PENICK should be required to disgorge all monies, profits and gains which they have obtained or will unjustly obtain in an amount to be proven at trial but no less than $630,996.00.

///

///

///

///

///

///

///

///

*20165 – COMPLAINT (09-14-17)*

# PRAYER FOR RELIEF

WHEREFORE, VANDERWEIL prays for judgment against PENICK as follows:

a. For damages in accordance with proof at time of trial exceeding $630,996.00;

b. For interest at the legal rate;

c. For two percent (2%) per month delinquent payment penalty in lieu of interest plus attorneys' fees on any late paid progress payments or retention;

d. For punitive damages;

e. For reasonable attorney's fees;

f. For costs of suit;

g. For such other and further relief as the Court may deem just and proper.

DATED: September 14, 2017         COLLINS COLLINS MUIR + STEWART LLP

By: _____
RYAN T. CHUMAN
SAMUEL J. MUIR
Attorneys for R.G. VANDERWEIL ENGINEERS, LLP

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

*20165 – COMPLAINT (09-14-17)*

11

**COMPLAINT**

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
R.G. VANDERWEIL ENGINEERS, LLP

### DEFENDANTS
T.B. PENICK & SONS, INC.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Samuel J. Muir, Esq. (89883); Ryan T. Chuman, Esq. (SBN 300695)
Collins Collins Muir + Stewart LLP
1100 El Centro Street, South Pasadena, CA 91030 (626) 243-1100

Attorneys *(If Known)*
James C. Diefenbach, Esq.
Diefenbach Law Group
11835 Carmel Mountain Rd., Suite 1304-313, San Diego, CA 92128

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332
Brief description of cause:
Breach of Contract; Breach of the Covenant of Good Faith and Fair Dealing; Negligent Misrepresentation, Unjust

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ no less than 630,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 09/14/2017
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____